# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 14, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**FRANK A. BEKKERING,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0153**  (BOR Appeal No. 2048743)
                    (Claim No. 2009082121)

**HOMER LAUGHLIN CHINA COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Frank A. Bekkering, by Frank Haas, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Homer Laughlin China Company, by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 23, 2014, in which the Board affirmed an August 21, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 29, 2013, decision denying Mr. Bekkering's request to reopen his claim for further consideration of temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bekkering developed bilateral carpal tunnel syndrome in the course of his employment as a packer with Homer Laughlin China Company in March of 2009, and underwent bilateral carpal tunnel releases during the summer of 2010. Charles Werntz, D.O., performed an independent medical evaluation on November 21, 2011. He noted that Mr. Bekkering continues to have symptoms in the left hand but opined that Mr. Bekkering has reached maximum medical improvement because he has declined to obtain a second surgical consultation and has also declined to participate in physical therapy. On November 14, 2012,

1

Erin Saniga, M.Ed., C.R.C., L.P.C., authored a vocational rehabilitation closure report indicating that Mr. Bekkering's file had been closed because he declined to participate in a vocational rehabilitation program.

On May 14, 2013, Vern Orlang, M.D., completed an application to reopen Mr. Bekkering's claim for further consideration of temporary total disability benefits. Dr. Orlang stated that Mr. Bekkering continues to experience pain in the left hand and wrist, and further stated that Mr. Bekkering sustained an aggravation or progression of his compensable injury because he experienced a worsening of his symptoms following the left carpal tunnel release. Dr. Orlang indicated that an examination performed on March 16, 2009, forms the basis for his request to reopen the claim and stated that Mr. Bekkering has been temporarily and totally disabled from March 16, 2009, through the present.

On May 29, 2013, the claims administrator denied Mr. Bekkering's request to reopen his claim. In its Order affirming the claims administrator's decision, the Office of Judges held that Mr. Bekkering has failed to establish that he sustained an aggravation or progression of the compensable condition, or that some other fact or facts exist which were not previously considered and would entitle him to the receipt of temporary total disability benefits. The Board of Review affirmed the conclusions of the Office of Judges in its decision of January 23, 2014.

West Virginia Code § 23-4-7a (2005) states that temporary total disability benefits are not payable after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. On November 29, 2011, Dr. Werntz found that Mr. Bekkering had reached maximum medical improvement. Therefore, pursuant to West Virginia Code § 23-4-7a, Mr. Bekkering's eligibility for temporary total disability benefits terminated upon Dr. Werntz's finding that he had reached maximum medical improvement. West Virginia Code § 23-5-2 (2005) and § 23-5-3 (2009) provide that in order to be eligible for a reopening of the claim, Mr. Bekkering must demonstrate that a progression or aggravation of the compensable condition has occurred or, in the alternative, that a fact or facts not previously considered and which would entitle him to greater benefits than those already received exist. As noted by the Office of Judges, the reopening application was based upon a four-year-old medical report and failed to state any new findings not discussed in Dr. Werntz's November 29, 2011, report. No other evidence supporting Mr. Bekkering's request to reopen his claim has been submitted.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II